**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRISTINA SENODENOS, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action No. 18-cv-00096 |
| | ) | |
| v. | ) | |
| | ) | |
| THE BUREAUS, INC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |
| | ) | |

**THE BUREAUS, INC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW Comes the Defendant The Bureaus, Inc. ("TBI") by and through their attorneys, Actuate Law, LLC, and as for the Answer to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim.

**ANSWER**: **TBI admits the allegations in paragraph 1.**

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transacts substantial business here.

**ANSWER**: **TBI does not contest venue.**

**STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER: TBI denies the allegations contained in paragraph 3.**

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 2080 *7 (5th Cir. July 6, 2017). ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating) (*citing, Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.").

**ANSWER: TBI denies the allegations contained in paragraph 4.**

## PARTIES

5. Plaintiff, Cristina Senodenos ("Plaintiff'), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

**ANSWER: TBI lacks knowledge or information to admit or deny the truth of the allegations regarding Plaintiff's current residency because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny where Plaintiff currently resides. TBI denies the allegation that "Defendant attempt to collect a delinquent consumer debt" from Plaintiff. In further answer, the remainder of the allegations set forth legal conclusions for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI lacks knowledge or information to admit or deny the truth of the allegations regarding whether Plaintiff is a consumer because the**

**information TBI knows or can readily obtain is insufficient to enable to it admit or deny the purpose for why Plaintiff incurred the debt.**

6. Defendant, The Bureaus, Inc. ("The Bureaus"), is an Illinois corporation. It does or transacts business in Illinois. Its registered agent and office are Aristotle Sangalang at 650 Dundee Road, Suite 370, Northbrook, Illinois 60092 (Exhibit A, Record from Illinois Secretary of State).

**ANSWER: TBI admits the allegations contained in paragraph 6.**

7. The Bureaus is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER: TBI admits that part of its business is that of a collection agency, and denies the remainder of the allegations contained in paragraph 7.**

8. The Bureaus is thus a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER: In answer to the allegation in paragraph 8, regarding the term "debt collector" the allegations set forth a legal conclusion for which an answer either admitting or denying the assertion is not required.**

**FACTUAL ALLEGATIONS**

9. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Capital One N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER: In answer to the allegation regarding the term "debt," the allegation is a legal conclusion for which an answer either admitting or denying the allegations is not required. To the extent an answer is required, TBI lacks knowledge or information to admit**

**or deny the truth of the allegations regarding the purpose for why the debt accrued because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny the purpose for why Plaintiff incurred the debt.**

10. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

**ANSWER: TBI incorporates its response to paragraph 9 into its response to paragraph 10 regarding the alleged debt. TBI admits that Plaintiff's account went into default due to a lack of payment, but TBI lacks knowledge or information to admit or deny the truth of the remaining allegations because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny the purpose for why Plaintiff stopped paying her Capital One N.A. consumer credit account.**

11. The alleged debt was subsequently placed with the Defendant for collection.

**ANSWER: TBI denies the allegations in paragraph 11.**

12. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on December 12, 2017, sent a letter to Defendant indicating that Plaintiff disputed the alleged debt. (Exhibit B, Dispute Letter).

**ANSWER: TBI denies the allegations in paragraph 12 in regards to the "collection attempts" by TBI. As to the remainder of the allegations in paragraph 12, TBI can neither admit nor deny the allegations as the document speaks for itself.**

13. Defendant received Plaintiff's dispute on December 12, 2017.

**ANSWER: TBI denies the allegations in paragraph 13.**

14. Plaintiff's letter stated, in part, that the amount reported is not accurate.

**ANSWER: TBI can neither admit nor deny the allegations contained in paragraph 14 as the document speaks for itself.**

15. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

**ANSWER: In answer to the allegations in paragraph 15, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI denies the allegations in paragraph 15.**

16. After making her dispute, Plaintiff purchased her TransUnion credit report.

**ANSWER: TBI can neither admit or deny the allegations in Paragraph 16 because the information TBI knows or can obtain is insufficient to admit or deny when and if Plaintiff purchased her credit report.**

17. On December 19, 2017, Defendant communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the date reported. (Exhibit C, TransUnion).

**ANSWER: TBI incorporates its answer to paragraph 9 into its response to paragraph 17 regarding the term "alleged debt." Regarding the remainder of paragraph 17, TBI can neither admit or deny the remainder of allegations contained in paragraph 17 as the document speaks for itself.**

18. Defendant failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

**ANSWER: TBI incorporates its answer to paragraph 9 into its response to paragraph 18 regarding the term "alleged debt." Regarding the remainder of paragraph**

**18, TBI can neither admit or deny the remainder of allegations contained in paragraph 18 as the document speaks for itself.**

19. The Bureaus had been notified at least seven (7) days prior of Plaintiff's dispute.

**ANSWER: TBI denies the allegations in paragraph 19.**

20. Seven (7) days is sufficient time for a debt collector to update their records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

**ANSWER: In answer to the allegations in paragraph 20, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI denies the allegations in paragraph 20.**

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**
>
> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**ANSWER: TBI admits that paragraph 21 quotes select portions of 15 U.S.C. § 1692e, but Defendant denies that this is a complete, accurate and full description of the FDCPA or §1692e as a whole and therefore denies the allegations in paragraph 21.**

22. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

**ANSWER: TBI lacks knowledge or information to admit or deny the truth of the allegations regarding Plaintiff's alleged dispute because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny whether a dispute was reported to the credit bureaus. To the extent a response is required, TBI denies the allegations.**

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

**ANSWER: In answer to the allegations in paragraph 23, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI denies the allegations in paragraph 23.**

24. The Bureaus materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

**ANSWER: TBI denies the allegations in paragraph 24.**

25. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

**ANSWER: In answer to the allegations in paragraph 25, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI denies the allegations in paragraph 25.**

26. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

**ANSWER: TBI admits that paragraph 26 quotes select portions of 225 ILCS 425/9, but Defendant denies that this is a complete, accurate and full description of the Illinois Collection Agency Act or Section 425/9 as a whole and therefore denies the allegations in paragraph 26.**

27. The Bureaus disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

**ANSWER: TBI incorporates its answer to paragraph 9 into its response to paragraph 27 regarding the term "debt." Regarding the remainder of paragraph 27, TBI can neither admit or deny the allegations because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny whether a dispute was reported to the credit bureaus.**

28. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER: In answer to the allegations in paragraph 28, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI denies the allegations in paragraph 28.**

29. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

**ANSWER: In answer to the allegations in paragraph 29, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI denies the allegations in paragraph 29.**

30. Plaintiff experienced negative emotions about Defendant's false communication to TransUnion, including annoyance, aggravation, and other garden variety emotional distress.

**ANSWER: TBI lacks knowledge or information to admit or deny the truth of the allegations regarding Plaintiff's alleged dispute because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny whether a dispute was reported to the credit bureaus.**

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER: In answer to the allegations in paragraph 31, the allegations set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent an answer is required, TBI denies the allegations in paragraph 31.**

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

**ANSWER: TBI incorporates its responses to Paragraphs 1 through 32 as if fully restated herein.**

33. The Bureaus failed to communicate a dispute to the TransUnion credit reporting

agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt.

**ANSWER: TBI lacks knowledge or information to admit or deny the truth of the allegations regarding Plaintiff's alleged dispute because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny whether a dispute was reported to the credit bureaus. To the extent an answer is required, TBI denies the allegations in paragraph 33.**

**COUNT II – ILLINOIS COLLECTION AGENCY ACT**

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

**ANSWER: TBI incorporates its responses to Paragraphs 1 through 34 as if fully restated herein.**

35. The Bureaus disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

**ANSWER: TBI lacks knowledge or information to admit or deny the truth of the allegations regarding Plaintiff's alleged dispute because the information TBI knows or can readily obtain is insufficient to enable it to admit or deny whether a dispute was reported to the credit bureaus. To the extent an answer is required, TBI denies the allegations in paragraph 35.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to raise the claims in the Complaint because she cannot demonstrate any injury in fact or any injury traceable to the alleged FDCPA violation. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

### SECOND AFFIRMATIVE DEFENSE

TBI acted in good faith with reasonable motive. It did not willfully, intentionally, or knowingly violate the FDCPA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred in whole or in part because her alleged injuries were not proximately caused by any unlawful acts or omissions of TBI.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred in whole or in part by Plaintiff's failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred in whole or in part by the doctrines of release, waiver, unclean hands, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

To the extent TBI might have violated the FDCPA, the violation resulted from a *bona fide* error regarding TBI's procedures for the collection and credit reporting of the subject debt.

TBI expressly reserve the right to amend these affirmative defenses or to raise additional affirmative defenses as they become known during the course of the proceedings.

TBI respectfully requests that judgment be entered in its favor as to Plaintiff's claims, and that Plaintiff recover nothing on those claims. TBI also requests that the Court award it reasonable attorney's fees, costs, and such other and further relief as permitted by applicable law.

Dated: February 26, 2018

Respectfully submitted,

The Bureaus, Inc.

By: Dara C. Tarkowski

Dara C. Tarkowski
Lauren H. Cooper
Actuate Law, LLC
901 W. Jackson
Chicago, Illinois 60607
(312) 579-3108 (p)
(312) 251-3035 (f)
dara.tarkowski@actuatelaw.com
lauren.cooper@actuatelaw.com

*Counsel for The Bureaus, Inc.*

## Certificate of Service

I hereby certify that on February 26, 2018, I filed the foregoing document through the Court's electronic filing system and thereby served all counsel of record.

*/s/ Dara C. Tarkowski*